Thank you and good morning. May it please the Court, my name is Jeff Ellis. I'm appearing today on behalf of the appellant, John Wise. I'd like to reserve two minutes for rebuttal if I may. Mr. Wise lived in a world that he described as full of wolves, full of menacing lunatics. This description was an apt description and was reflective of Mr. Wise's longstanding and unfortunate mental illness. He is a young man who has been consistently diagnosed as suffering from paranoid delusions. However, because trial counsel failed to undertake any investigation into Mr. Wise's obvious mental illness, this information, the fact that Mr. Wise suffers from mental illness, was never explained to the jury. And in fact, because no explanation was offered to the jury, the prosecutor was able to seize on this idea that Mr. Wise viewed the world as full of wolves as proof that he had a motive to injure the victim in this case. Mr. Wise is a young man who has been consistently diagnosed as suffering from paranoid delusions. However, because no explanation was offered to the jury, the prosecutor was able to seize on this idea that Mr. Wise viewed the world as full of wolves as proof that he had a motive to injure the victim in this case. And in fact, because no explanation was offered to the jury, the prosecutor was able to seize on this idea that Mr. Wise viewed the world as full of wolves as proof that he had a motive to injure the victim in this case. And let me give you some examples of that. I think that comes up in two situations, both the situation where PTSD or battered women's syndrome is used to support a self-defense claim and also in the battered child syndrome type of situations. In those situations, what those involve, like what could have been presented in this case, is the testimony regarding a psychological symptom or psychological condition and its symptoms, the hallmark of which in PTSD is hypervigilance and a response that an objective person may not have made to that situation. I mean, the classic PTSD situation is objectively it doesn't look like the person is in danger of great bodily harm, but based on their experiences and based on their psychological condition, they fear great bodily harm. And Washington has always allowed, in fact, has been a leader in allowing the use of psychological syndromes like battered child syndrome to support a self-defense claim. What I'm confused about is it seemed that his original habeas petition was a diminished capacity petition and that that was the basis for his habeas claim. And now on appeal, you've disclaimed diminished capacity and said rather that it's a failure to introduce evidence with respect to, you know, bolstering the self-defense claim. Is that correct? I think Mr. Wise filed a pro se habeas petition. In that pro se petition, he framed his claim rather broadly. He argued that trial counsel had failed to investigate and discover his mental health history and had failed to put on a mental health defense. At the district court, the appointed counsel, when an evidentiary hearing was ordered, focused primarily on diminished capacity, however, also focused on self-defense. Could you point us? I mean, that's where I'm having some trouble because it seemed the whole thing was analyzed under diminished capacity and our whole appeal is self-defense. And there's really an unclear point in my mind as to whether this disjunction amounts either to, you know, waiver or stop or some other. Sure. Well, there's no question, to be fair with the Court, that the primary emphasis at the district court level was on diminished capacity. And upon review of the evidence to support diminished capacity, I have simply taken the position that there simply is not sufficient evidence to support the diminished capacity defense. Washington law is very clear that in order to present diminished capacity, this is the concept that a person's mental state is such that they're unable to form the intent that's requisite under the law. There's simply – it requires expert testimony. And there was no expert testimony presented by Petitioner to say that he suffered from diminished capacity at the time of the crime. But the point is that if I look through Judge Benton's and the other Commissioner's orders, I don't see anything on self-defense. And if – so that leads me to wonder about two things. Either, one, it wasn't sufficiently argued, or, two, if it was sufficiently argued but not decided, is that something we should decide on appeal? Well, again, it was the primary emphasis of the district court was diminished capacity. But in the objections to the second report and recommendation, district court counsel indicated that in addition to considering this evidence for diminished capacity, the court needed to consider it and failed to consider it in terms of how it related to self-defense. And in the petition for certificate of appealability, the issue, again, was framed broadly as including the possibility of self-defense. Again, to be fair with the Court, the self-defense argument was really a secondary argument at the district court. And I have indicated in my pleadings that I do not object to a remand to the district court for full consideration of the self-defense claim. The facts, it seems to me, are all in the record. But certainly the argument that is being advanced by me is – was the secondary argument that was advanced by the district court attorney. We have to look at this through the lens of ineffective assistance of counsel. That's the basis for your habeas, isn't it? Certainly. Well, the ineffective – the deficient performance in this case was the failure to investigate. And the record is replete that trial counsel did no investigation, not even the most cursory investigation. But we still have to be satisfied that the investigation would have at least related to a permissible defense under Washington law. Absolutely. And the evidence in this case does relate to a permissible defense. In fact, Mr. Wise's history of mental illness – No, a permissible defense within the context of the actual trial, because the – the defense to the indictment was self-defense, was it not? Sure. Absolutely. You're not suggesting that that in and of itself was a breach of the systems of counsel? No. I'm not alleging that the choice of self-defense was ineffective assistance. What I'm alleging is that the failure to investigate Mr. Wise's mental health history, a history that, if investigated, would have fully supported self-defense claim, would have bolstered it significantly, and would have also rebutted the State's motive theory, because the State seized on Mr. Wise's apparent but uninvestigated mental illness in arguing that his actions were illogical from his point of view, and therefore must have been representative of his motive. Counsel, you're down to about a minute and a half. If you want to reserve, you may do so. I will. Thank you. May it please the Court, John Sampson, Assistant Attorney General, representing the Respondent. The district court in this case correctly denied the petition because the State court adjudication of the claim of ineffective assistance of counsel was not contrary to or an unreasonable application of Supreme Court precedent. The claim before this court has evolved somewhat from what was litigated in the district court. In answer to Your Honor's question, the clerk's record 112 was the objections to the second report of recommendation. There was essentially a one-paragraph, perhaps two-paragraph argument regarding the failure of counsel to support a claim of self-defense with mental health evidence, but that was a secondary claim, and I would submit it's a very minor claim. They did not present any real evidence in support of that claim in the district court. But what's most important is that the petitioner in State court failed to present any evidence at all to support his claims, and the State court specifically held in denying the State court collateral challenge that he had failed to present any proof to show either unreasonably deficient representation or prejudice from counsel's alleged errors. Because petitioner failed to present proof in the State court, the State court's adjudication denying his claim was necessarily a reasonable obligation of clearly established Federal law. In addressing Your Honor's question regarding the reasonableness prong of the self-defense standard, there is a subjective and objective standard, and the objective standard is what would a reasonable person do in light of the facts that were presented to the defendant? What force would that reasonable person have used? And the mere fact that a person has a mental illness is not sufficient. The Supreme Court in State v. James, 121 Washington 2nd, at 240, and this case is cited by petitioner, the court said, testimony that a defendant suffers from a battered child syndrome standing alone does not ensure the defendant's belief in imminent harm was reasonable. In this case, even if State court counsel had presented mental health evidence in support of the claim of self-defense, the defense would have failed because there was no testimony or evidence showing that the defendant's actions were reasonable. The defendant returned to the area after it once had been. And the reason there wasn't any evidence is because the lawyer didn't put it in. And that's what they're really challenging, is the lawyer's failure to develop this point. I understand, Your Honor, but they also failed in Federal court to develop that. There is no expert testimony showing that Mr. Wise's mental condition affected either his perception of the events or the reasonableness of his actions. The only expert to actually testify in Federal court was the State's expert, Dr. Harris. Though Mr. Wise had an expert appointed to assist him in Federal court, he was not called to testify. Dr. Harris, who was called in response to my questioning in his perpetuation deposition, I asked him whether Mr. Wise's medical condition affected his perception of reality at the time of the crime. And Dr. Harris's testimony, which is at Excerpts of the Record 10 at pages 21 to 22, said no. Dr. Harris said Mr. Wise had a good memory of the events, which shows a reality-based recollection. And Dr. Harris said that Mr. Wise was not hallucinating and he was not delusional at the time of the crime. So the claim of paranoid delusions simply fails because there's no expert testimony to support that assertion. Even under the subjective prong of the self-defense claim, the mental health defense fails because there's no expert testimony to show that. In State v. Janes and Seidel v. Merkel, the cases cited by Petitioner, there was expert testimony actually presented to support and show how the mental condition affected the defendant's ability to perceive events and somehow saw imminent harm that another person may not have seen. There is no such testimony in this case, so he fails on both the subjective and the objective prongs of self-defense. But moving back to the issue of ineffective assistance to counsel, counsel is presumed to have acted in a competent manner. He submitted a declaration explaining why he did what he did. That declaration is at Clerk's Record 29. He said that in his experience, and he was a very experienced counsel, in his experience, mental health defenses and self-defense do not mix well at trial. He thought, based on what the defendant had told him in his pretrial investigation, that they had a very strong case of self-defense. And he thought that until the defendant changed his story during the examination at trial. And the defendant said, essentially, after the first encounter, I left the area, I stayed away for a little bit, I went back, and I purposely moved the victim's trash can essentially knowing that that was going to cause a belligerent response by the victim. And under that scenario, under the aggressor instruction, under Washington law, and the aggressor instruction, excuse me, instruction is set forth at Clerk's Record 12, Exhibit 15D, if a person acts in an intentional manner, knowing that it might invoke a belligerent response, which necessitates or creates the necessity for the victim's self-defense, or the use of force, you cannot claim self-defense. So Mr. Wise's own testimony essentially made him the aggressor and eliminated his claim of self-defense entirely. The petitioner failed in State court. To support his claims with evidence, the State court adjudication was reasonable. We would ask that the court affirm the district court's judgment. Thank you, counsel. Mr. Ellis, you have a little reserved time. Yes, thank you. The State's claim today and trial counsel's claim that self-defense and mental health defenses don't mix well is rebutted entirely by this court's opinion in Seidel v. Markle. Excuse me just a moment. Would you reset the clock? I believe it's about a minute and 40 seconds, or 1.23. Thank you. Certainly. Seidel v. Markle is a case that is remarkable in its similarities to the case at Barr because it involves a self-defense claim, which could have been, but which was not bolstered by mental health testimony. The use of mental health testimony to allow a jury to stand in the shoes of the defendant to assess self-defense in Washington has been recognized for a great deal of time. From State v. Lefebvre, a leading Washington case on self-defense, it says, A finding of actual imminent harm is unnecessary. Rather, the jury should put itself in the shoes of the defendant to determine reasonableness from all the surrounding facts and the circumstances as they appeared to the defendant. And in State v. Janes, the battered child case, the court says, Only by learning of the defendant's perceptions and circumstances surrounding the act is the jury able to make the critical determination of what degree of force a reasonable person in the same situation could take to the trial. Seeing what the defendant sees and knowing what she knows would then be able to assess what is necessary. And that's what was absent in this particular case. Any evidence to allow the jury to stand in the shoes of Mr. Wise and to stand in those shoes and understand his mental illness, how it affected his perception, and why, ultimately, his use of force was reasonable and necessary. Thank you, counsel. Your time has expired.
judges: O'scannlain, McKeown, Bea